USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___ 6/14/2013 __

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

**Orlando Dones FIGUEROA,**

$\qquad$**Plaintiff,**

$\qquad$**-against-**

**Michael ASTRUE,**
**Commissioner of Social Security,**

$\qquad$**Defendant.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE LORNA G. SCHOFIELD:**

**12-CV-07129 (LGS)(SN)**

**REPORT AND**
**RECOMMENDATION**

$\qquad$ *Pro se* plaintiff Orlando Dones Figueroa filed this action seeking judicial review of a favorable decision of the Commissioner of Social Security ("the Commissioner") awarding him Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act. The Commissioner has moved, without opposition, to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief may be granted. Because there is no final administrative decision denying benefits that this Court may review, I recommend that the Commissioner's motion to dismiss pursuant to Rule 12(b)(1) be GRANTED.

### BACKGROUND

$\qquad$ On September 20, 2012, Orlando Dones Figueroa filed an action in this Court for review of a decision of the Commissioner under section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. §§ 405(g). It appears that he seeks review of a 2003 decision by an Administrative Law Judge ("ALJ") related to his claim for Supplemental Security Insurance ("SSI") benefits. (Compl. ¶¶ 7, 9.) According to Figueroa's complaint, he became disabled in 2002, applied for

benefits, and was denied benefits by an ALJ on February 15, 2003. (Compl. ¶ 7.) But the

Commissioner, through the declaration of Julio Infiesta, an Assistant Regional Commissioner at

the Social Security Administration ("Infiesta Decl."), provides information that Figueroa applied

for SSI benefits on February 25, 2003, received a favorable decision, and was awarded benefits

on March 16, 2004. (Infiesta Decl. ¶¶ 2-3 & at Ex. A.) Figueroa is currently receiving SSI

benefits and has been receiving such benefits since he became eligible to do so in March 2003.

(Id. at Ex. B.)

Although not raised in the complaint, the Commissioner also provides information that

Figueroa filed a claim for disability insurance benefits ("DIB") on October 4, 1996. (Infiesta

Decl. ¶ 6.) This claim was denied at the initial level of administrative review and again at the

reconsideration level on October 30, 1997. (Id. ¶¶ 7-8.) The Commissioner attests that Figueroa

did not seek or receive further administrative review of his October 1996 DIB application, and

that the agency has no further record of him filing a subsequent claim for DIB. (Id. ¶¶ 10-11).

In light of these circumstances, on April 5, 2013, the Court issued an Order to Show

Cause, directing that Figueroa clarify the nature of his claims regarding both the 2003 SSI

benefits application and the 1996 DIB application. The Court warned Figueroa that his failure to

respond may result in dismissal of this action for lack of subject matter jurisdiction. Figueroa

failed to respond.

## DISCUSSION

### I.       Standard of Review

Because a court cannot act if it lacks jurisdiction, a court must decide a 12(b)(1) motion

before any other motion to dismiss. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95

(1998) (citing cases); Winn v. Schafer, 499 F. Supp. 2d 390, 394 (S.D.N.Y. 2007) (citing cases);

5B Wright & Miller, Federal Practice & Procedure § 1350 (3d ed. 2012). Figueroa's request for review can be addressed completely under a jurisdictional analysis. Accordingly, the Court will decide this case on Rule 12(b)(1) grounds only.

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. U.S., 201 F.3d 110, 113 (2d Cir. 2000). In reviewing a motion to dismiss under Rule 12(b)(1), the court "must accept as true all material factual allegations in the complaint," J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004), but "no presumptive truthfulness attaches to the complaint's jurisdictional allegations," Guadagno v. Wallack Ader Levithan Assocs., 932 F. Supp. 94, 95 (S.D.N.Y. 1996). The burden is on the plaintiff to satisfy the Court of the jurisdictional facts. Makarova, 201 F.3d at 113 ("A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."). In reviewing a motion to dismiss under Rule 12(b)(1), the Court "may consider affidavits and other materials beyond the pleadings." Attica Central Sch., 386 F.3d at 110.

Judicial review of cases arising under Title II of the Social Security Act is provided for, and expressly limited by, sections 205(g) and (h) of the Act, 42 U.S.C. §§ 405(g) and (h). These sections provide the exclusive remedy for seeking review of a decision of the Commissioner. 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as provided herein.").

II.     **The 2003 SSI Application**

Section 405(g) "assumes as a condition for judicial review" that the determination will be adverse to the claimant. Jones v. Califano, 576 F.2d 12, 18 (2d Cir. 1978) (citing 42 U.S.C. § 405(g)). It makes "no provision for judicial review of a determination favorable to the

complainant." Id.; see also Wheeler v. Heckler, 719 F.2d 595, 600 (2d Cir. 1983) ("[J]udicial

review of favorable decisions is generally unavailable.").

Despite being given an opportunity to do so, Figueroa has failed to explain to the Court

why he appears to be challenging a favorable decision concerning his 2003 SSI application. In

fact, the Commissioner has offered evidence that Figueroa has been receiving SSI benefits since

March 2003. Thus, it appears that, with respect to his 2003 SSI application, Figueroa seeks

review of a fully favorable determination. Jurisdiction does not lie in this Court to review

decisions that are favorable to the complainant. See, e.g., Coles v. Astrue, 10 Civ. 4751 (JFB),

2012 WL 695849 (E.D.N.Y. Mar. 5, 2012); Bruno v. Astrue, 09 Civ. 4690 (JSR)(DF), 2010 WL

5653398 (S.D.N.Y. Sept. 16, 2010). Accordingly, the Court should grant the Commissioner's

motion to dismiss Figueroa's complaint under Federal Rule of Civil Procedure 12(b)(1).

### III.   The 1996 DIB Application

The Commissioner also offers information to the Court, not raised in Figueroa's

complaint, that he applied for and was denied disability insurance benefits in 1996. Because *pro

se* litigants "are entitled to a liberal construction of their pleadings, which should be read to raise

the strongest arguments that they suggest," the Court considers the possibility that Figueroa also

seeks review of the denial of his 1996 claim for DIB. Green v. U.S., 260 F.3d 78, 83 (2d Cir.

2001) (citation and internal quotation marks omitted).

Title 42 U.S.C. § 405(g) provides, in part:

> Any individual, after any final decision of the Secretary made after a
> hearing to which he was a party, irrespective of the amount in controversy,
> may obtain a review of such decision by a civil action commenced within
> sixty days after the mailing to him of notice of such decision or within
> such further time as the Secretary may allow.

42 U.S.C. § 405(g). This provision contains the basis for the exhaustion requirement: that

judicial review of Social Security benefit determinations is limited to "final" decisions of the

Commissioner made after a hearing. 42 U.S.C. § 405(g). To exhaust a claim properly, a plaintiff must (1) obtain an initial determination of the claim, 20 C.F.R. § 404.902 et seq.; (2) seek reconsideration, 20 C.F.R. § 404.907 et seq.; (3) seek a hearing before an ALJ, 20 C.F.R. 404.929 et seq.; and (4) request Appeals Council review, 20 C.F.R. § 404.966 et seq. A determination is final, and the claim exhausted, after the Appeals Council has denied review or decided the case after review. 20 C.F.R. § 404.981. The exhaustion requirement "prevent[s] premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors." Weinberger v. Salfi, 422 U.S. 749, 765 (1975). "If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases." Sims v. Apfel, 530 U.S. 103, 107 (2000).

While "[e]xhaustion is the rule, waiver the exception," Abbey v. Sullivan, 978 F.2d 37, 44 (2d Cir. 1992) (citing cases), there are a few instances where the exhaustion requirement may be waived. First, if the claim is collateral to a demand for benefits, see, e.g., Bowen v. City of New York, 476 U.S. 467, 483 (1986) (claims were collateral to a demand for benefits where a class of plaintiffs challenged SSA policy and many class members were unaware of that policy when the suit was filed); second, if exhaustion would be futile, see, e.g., Mathews v. Diaz, 426 U.S. 67, 76-77 (1976) (exhaustion would be futile because the Secretary had no power to rule on statute's constitutionality); and, third, if the plaintiffs would suffer irreparable harm in the sense that no *post hoc* relief would be adequate, see, e.g., State of N.Y. v. Sullivan, 906 F.2d 910, 918 (2d Cir. 1990) (waiving the exhaustion requirement in part because claimants experienced deteriorating health). See also Califano v. Sanders, 430 U.S. 99, 109 (1977) ("Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions.").

According to the Commissioner's submission, Figueroa filed a claim for disability benefits on October 4, 1996. Although this claim was denied at the initial administrative level and, on October 30, 1997, at the reconsideration level, the agency has no record of Figueroa filing a request for a hearing before an ALJ, a requirement of exhaustion.

The Court's April 5, 2013 Order to Show Cause also afforded Figueroa the opportunity to demonstrate that he received a final decision on his 1996 claim by submitting a letter from the Appeals Council or, alternatively, to show that his claim qualified for a waiver of the exhaustion requirement. Figueroa similarly did not respond to this request. Thus, in the absence of additional information, the Court must assume that Figueroa did not exhaust his administrative remedies regarding his 1996 application for benefits. The Court has no evidence that Figueroa received a final administrative decision that a district court can review and has no reason to think that Figueroa qualifies for a waiver of the exhaustion requirement. See Makarova, 201 F.3d at 113 ("A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.").

Moreover, the deadline for filing a request for a hearing before an ALJ has long passed, 20 C.F.R. § 404.933(b)(1) (a request for an ALJ hearing must be filed within sixty days of the receipt of the reconsideration determination), as has the deadline for filing a complaint in this Court, 20 C.F.R. § 422.210(c) (a claimant must file in district court for judicial review of an SSA decision within 60 days of receiving the final administrative decision).

Accordingly, because Figueroa did not, and now cannot, exhaust his administrative remedies on his 1996 DIB claim, this Court lacks jurisdiction to review that determination.

**CONCLUSION**

For the foregoing reasons, the Court recommends that the Commissioner's motion to dismiss (Docket No. 16) be GRANTED, and this case be dismissed pursuant to Federal Rule of 12(b)(1) for lack of subject matter jurisdiction. I further recommend that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from its order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS
TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Lorna G. Schofield at the United States Courthouse, 40 Foley Square, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Schofield. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated:  New York, New York
        June 14, 2013

7